IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
2006 NOV -2  A 11: 49

SABRINA GARDNER for )
DERICA GARDNER, )
 )
    Plaintiff, )
 )
v. )   CIVIL ACTION NO.: CV505-071
 )
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
 )
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Sabrina Gardner ("Sabrina") contests the decision of Administrative Law Judge Robert O. Foerster ("ALJ Foerster" or "the ALJ") denying her daughter's claim for Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award of benefits, or, in the alternative, that the case be remanded for a proper determination of the evidence. Defendant asserts that this case should not be remanded, as the ALJ's decision is supported by substantial evidence.

Sabrina filed an application for Supplemental Security Income on behalf of her minor daughter, Derica L. Gardner ("Derica"), on March 26, 2003, alleging that Derica became disabled on March 19, 2003, due to sickle cell anemia, a learning disability, lumps in her breasts, shortness of breath, leg pain, nose bleeds, body aches, headaches, and feeling weak. (Tr. at 19.) After the application was denied initially and on reconsideration, Sabrina filed a timely request for an administrative hearing. (Tr. at 18.) On August 12, 2004, ALJ Foerster held a hearing at which Sabrina appeared and testified and was represented by

counsel. ALJ Foerster found that Derica was not disabled within the meaning of the Social Security Act. (Id.) The Appeals Council denied a request for review, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 4.)

Derica, born on February 8, 1993, was nine (9) years old when the ALJ rendered his decision. (Tr. at 19, 29.)

## ALJ'S FINDINGS

In 1996, the Social Security guidelines which control whether a child under eighteen years of age is disabled were changed with the passage of the Personal Responsibility and Work Opportunity Reconciliation Act, Pub. L. No. 104-193, § 211, 110 Stat. 2105 ("Reconciliation Act"). This Act amended 42 U.S.C. § 1382c(a)(3) and altered both the statutory definition of childhood disability and the framework for determining such a disability. The new Act applies to children who filed disability claims on or after August 22, 1996, as well as to applicants whose cases were not finally adjudicated by that date. 110 Stat. 2105, § 211(d)(1)(A)(ii). Under the new law, a child's impairment or combination of impairments must cause more serious impairment-related limitations than the prior regulations required. 62 Fed. Reg. 6408, 6409 (Feb. 11, 1997).

Under the new law, a child under the age of eighteen is considered disabled if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations implementing the new standards provide the following three-step sequential process that must be followed by the ALJ in determining whether a child is entitled to benefits:

>    (1) Is the child engaged in substantial gainful activity?
>    If yes, the child is not disabled. If no, then:
>
>    (2) Does the child have a severe impairment?
>    If no, then the child is not disabled. If yes, then:
>
>    (3) Does the impairment medically meet or functionally meet
>    a listed impairment in Appendix 1?
>    If yes, the child is disabled.

20 C.F.R. § 416.924; see also Wilson v. Apfel, 179 F.3d 1276, 1278 n.1 (11th Cir. 1999).

If a child's impairment does not medically meet a listed impairment, the ALJ must determine whether the child "'functionally equal[s] the listings,'" i.e., the child's "impairment(s) must result in a listing-level severity– 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). The domains an ALJ uses are: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for self; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

In the case *sub judice*, the ALJ found that Derica was not engaged in substantial gainful activity since the alleged onset date. (Tr. at 19.) ALJ Foerster also found that Derica met her burden of establishing the existence of a severe impairment or combination of impairments "within the liberal meaning of the term (i.e., more than a minimal problem)" as to her phonological learning disorder/auditory discrimination processing deficit and long term memory deficit. (Tr. at 20.) However, despite his finding that these were severe impairments, ALJ Foerster did not find that these impairments met or medically equaled any of the Listings, particularly those for Organic Mental Disorders and Mental Retardation.

(Id.) Specifically, the ALJ found that Derica had no limitations in the domain of health and physical well-being; marked limitations in the domains of acquiring and using information, no limitation in the domain of interacting and relating with others, less than marked limitations in the domain of moving about and manipulating objects, no limitation in the domain caring for herself; and a less than marked limitation in the domain of attending and completing tasks. (Tr. at 21-28.)

## ISSUE PRESENTED

Plaintiff asserts that the ALJ's determination that Derica does not have an extreme impairment in one area of functioning or at least two marked limitations in the areas of functioning is not supported by substantial evidence.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence

4

which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

### DISCUSSION AND CITATION OF AUTHORITY

**Substantial Evidence Supports ALJ Foerster's Determination That Derica Does not Functionally Equal a Listing.**

Sabrina asserts that Derica has an extreme limitation in the domain of acquiring and using information. Sabrina also asserts that Derica has at least two marked limitations in the six areas of functioning, as is indicated by her phonological testing score. Sabrina contends that ALJ Foerster erred in failing to make either of these findings.

As noted above, if a child's impairment does not medically meet a listed impairment, the ALJ must determine whether the child "functionally equal[s] the listings," i.e., the child's "impairment(s) must result in a listing-level severity– "'marked' limitations in two domains of functioning or an '"extreme'" limitation in one domain." 20 C.F.R. § 416.926a(a). The domains an ALJ uses are: 1) acquiring and using information[1]; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

---

[1] ALJ Foerster determined that Derica had "marked" limitations in this area of functioning, and, accordingly, the undersigned will not address this portion of the ALJ's decision.

5

A "marked" limitation in a domain is when the impairment limits the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation in a domain is when the impairment interferes very seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

The domain of attending and completing tasks involves how well a child is able to focus and maintain her attention and how well a child begins, carries through, and finishes her activities, including the pace at which she performs activities and the ease with which she changes them. 20 C.F.R. § 416.926a(h). ALJ Foerster noted that the evidence before him, including school records and teacher reports, indicated that Derica's ability to attend and complete tasks was not seriously limited in the context of her overall situation. (Tr. at 24.) Thus, ALJ Foerster found that Derica had less than marked limitations in this area of functioning.

In the domain of interacting and relating to others, which pertains to how well a child initiates and sustains emotional connections with others; develops and uses the language of the community; cooperates with others; complies with rules; responds to criticism; and respects and takes care of others' possessions, the ALJ relied on Derica's school reports and her ability to maintain age-appropriate relationships and to get along with others. 20 C.F.R. § 416.926a(i). ALJ Foerster found that Derica had no limitations in this area of functioning. (Tr. at 25.)

The domain of moving about and manipulating objects involves evaluating how a child moves her body from one place to another and moves and manipulates things (also known as gross and fine motor skills). 20 C.F.R. § 416.926a(j). The ALJ found that Derica had a less than marked limitation in this domain. In so doing, ALJ Foerster noted that,

although Derica had poor writing skills and worked at a slower pace in regard to her motor behavior, Derica's ability to use her upper and lower extremities was unlimited. ALJ Foerster also noted that Derica was able to perform age-appropriate activities which require adequate motor skills. (Tr. at 25-26.)

The fifth domain, a child's ability to care for herself, requires an ALJ to evaluate how well a child maintains a healthy emotional and physical state; gets physical and emotional wants and needs met in appropriate ways; copes with stress and environmental changes; and takes care of her health, possessions, and living area. 20 C.F.R. § 416.926a(k). In this domain, the ALJ found that Derica had no limitations. ALJ Foerster stated that the preponderance of evidence indicated that Derica maintained a healthy emotional and physical state and that no other evidence contradicted Derica's teachers' opinions in this regard. (Tr. at 26.)

Finally, in the domain of health and physical well-being, an ALJ addresses the cumulative physical effects of physical or mental impairments and the associated treatments or therapies on a child's functioning. 20 C.F.R. § 416.926a(l). ALJ Foerster determined that Derica had no limitation in this domain. He found that Derica had not been diagnosed with sickle cell anemia (she was diagnosed as having the "sickle cell trait"). The ALJ also based his determination as to this domain on Dr. Ric Zarzuela's office records, school records, teacher reports, and Sabrina's testimony provided at the hearing he conducted. (Tr. at 27-28.) ALJ Foerster specifically noted that Derica did not have a medically determinable impairment which could reasonably be expected to cause the weakness, headaches, shortness of breath, nose bleeds, and body aches Sabrina alleged her to have. (Tr. at 28.)

7

AO 72A
(Rev. 8/82)

In making his determination that Derica did not have marked or extreme limitations in five of the six areas of functioning, ALJ Foerster reviewed, *inter alia*: Lisa Fesperman's psychoeducational report (Tr. at 162); teachers' reports; William Hall's psychoeducational report (Tr. at 188); Derica's school records, including her Individualized Education Plan ("IEP") (Tr. at 151); Sabrina's testimony at the hearing (Tr. at 4); a psychological evaluation; and Dr. Ric Zarzuela's office records (which did not support Sabrina's report that Derica had been diagnosed with sickle cell anemia). ALJ Foerster's determination that Derica did not have marked or extreme limitations in the domains of attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for herself, and health and physical well-being is supported by substantial evidence.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 2nd day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)